**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

GERALD L. SCOTT,          )
                             )
          Plaintiff,    )    Civil Action No. 0:06-3622-HFF-BM
                             )
v.                       )
                             )    **REPORT AND RECOMMENDATION**
A. LANE CRIBB,         )
                             )
          Defendant.   )
_____)

        The <u>pro</u> <u>se</u> Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On August 9, 2007, the Defendant filed a motion for summary judgment. By order of this Court filed August 14, 2007, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. However, despite this extension and explanation, the Plaintiff elected not to respond to the motion.

        As the Plaintiff is proceeding <u>pro</u> <u>se</u>, the court filed a second order on September 24, 2007, giving the Plaintiff an additional ten (10) days in which to file his response to the Defendant's motion for summary judgment. The Plaintiff was specifically advised that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P. The Plaintiff still did not file a response to the motion for summary judgment, but did submit a letter to the Court on October 4, 2007, with an attachment which does not address the issue (mold and mildew at the jail) raised in the

1



Complaint.

In his motion for summary judgment, the Defendant correctly points out that this Plaintiff currently has another action pending in this Court, Scott et al. v. Edwards, C/A No. 8:06-3484, in which Plaintiff asserts the same issue being raised by the Plaintiff in the action at bar. Defendant argues, and the undersigned agrees, that this Court should not maintain two separate lawsuits on its docket by the same Plaintiff addressing the same claim, and that this case should therefore be dismissed. Aloe Creme Laboratories, Inc., 425 F.2d at 1296 ["The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."]. Unlike in the case at bar, Plaintiff has filed a response to the Defendant's motion for summary judgment in his other case, and he may litigate this issue in that case.

### Conclusion

Based on the foregoing, it is recommended that this action be **dismissed**, without prejudice. This will allow Plaintiff to pursue his mold and mildew claim in his other action, which is currently pending.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

October 9, 2007

2



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

3

